Hewett *v.* Cobb & Co.

---

## J. HEWETT *v.* O. P. COBB & Co.

1. JUDGMENT BY DEFAULT : JURY : CAUSE NOT SUBMITTED TO, UNLESS ISSUE JOINED.— Where a party fails to plead to the action, it is improper to submit the cause to a jury "to try the issue joined." Judgment by default should be taken. 6 How. 193 ; 3 Smedes & M. 307 ; 1 Smedes & M. 660 ; 32 Miss. 167.

2. JURORS : HOW SWORN IN CIVIL CASES.—Jurors are never specially sworn in any civil case. They are sworn to try all issues and execute all writs of inquiry that may be submitted to them during the term or day for which they are summoned. Rev. Code, 501, article 143. Where, therefore, the record recites that the jury were sworn " to try the issue," when the execution of a writ of inquiry was submitted to them, and *vice versâ*, it is a mere clerical error and cannot be true in point of fact.

3. APPELLATE TRIBUNALS : WHAT JUDGMENTS THEY WILL REVERSE.—It is a well settled principle that appellate tribunals will not reverse a judgment for any error or irregularity therein, that does not actually prejudice the party complaining of it.

4. SPIRIT OF MODERN JURISPRUDENCE.—The whole spirit of modern jurisprudence is directed to prevent substantial justice from being defeated by an adherence to mere technical forms.

ERROR to Circuit Court of Adams county. Hon. Hiram Cassidy, judge.

*Hewett,* for Plaintiff in error.

*Potter,* for Defendant in error.

ELLETT J. delivered the opinion of the court.

The plaintiff in error was sued as the maker of a promissory note, and did not plead to the action. Nevertheless the record states that a jury was empanelled and sworn " to try the issue joined," and that a verdict was found, and judgment entered upon it, as if an issue had been joined between the parties. This is the error complained of, and it is insisted that a judgment final by default should have been taken, and that it was erroneous to submit the case to the jury under the circumstances.

This precise question has been several times before this court, and has not always received the same consideration. In the cases of *Wilkinson* v. *Patterson,* 6 Howard, 193, and *Harrison* v. *Agricultural Bank,* 2 Smedes & M. 307, it was held to be erroneous to empanel a jury to pass upon an issue, when in fact there was no issue to be determined. The judgments were therefore reversed, and this court, proceeding to do what the court below ought to have done, entered up final judgments by default against the plaintiffs in error. In *McAdams* v. *Massey,*

Hewett v. Cobb & Co.

1 Smedes and M. 660, the judgment was reversed for the same error, but the cause was remanded for further proceedings in the court below. In the later case of *Garrett* v. *Felt and Reed*, 32 Miss. 137, involving the same point, the court arrived at a different conclusion—one which upon further reflection we are satisfied is correct, and to which we are disposed to adhere.

Our statute requires all regular jurors to be sworn to try all issues, and execute all writs of inquiry, that may be submitted to them during the term, (Rev. Code 501, art. 143,) and they are never specially sworn in any particular civil case. False jurors are sworn in the same form for the day. No matter then what may be the nature of the case submitted to them, whether it be the trial of an issue, or the execution of a writ of inquiry, it must be certain that the jury have been properly sworn. There is no possibility of error in this respect, if the jury are sworn at all. When therefore the recital in the record purports that the jury were sworn to try an issue, when the case was the execution of a writ of inquiry, or *vice versâ*, it is clear that the entry is a mere clerical error, and cannot be true in point of fact.

If, indeed, any injury could result to the party by such clerical misprision, he would be entitled to relief. But it is a settled principle, in all appellate tribunals, that no judgment will be reversed for any irregularity or error that does not actually prejudice the party complaining of it. In the class of cases under discussion, there is no possibility of prejudice to the defendant. The plaintiffs in the present case were entitled to a judgment final by default on the same day, for the very same amount, and having the same operation and effect as the judgment actually given. The only difference is, that in one case the interest would have been calculated by the clerk, and in the other by the jury, and the entry would have been slightly different in form. And if we were to reverse the judgment for the irregularity complained of, it would only be to enter the same judgment here which ought technically to have been entered below, and the same precisely in substance and effect with the judgment that was actually rendered.

The whole spirit of modern jurisprudence is directed to pre-

vent substantial justice from being defeated by an adherence to mere technical forms. Our code is full of provisions designed to relieve the proceedings in our courts of justice from the rubbish that, for centuries, on both sides of the Atlantic, had been accumulating upon them. The liberal expansion of the principle of the statutes of jeofails, and its application in criminal as well as civil cases, form an important part of the improvement of the law in this respect. Our belief that this tendency, both of legislation and of judicial decision, is wise and wholesome, renders us less reluctant to depart from some of the earlier rulings of this court, and inclines us more strongly to establish the principle announced in its later decisions.

The judgment in this case will be affirmed.