## THOS. J. FURNISS *v.* HENRY J. MEREDITH.

JURORS—OATH OF.—Where a record shows that the persons composing a jury were "empaneled and sworn to sit as jurors in this case," they will be presumed on error, to have been legally sworn.

Error to the circuit court of Franklin county.  SMILEY, J.

*George L. Potter*, for the plaintiff in error.

This was an action of *assumpsit*. Plea, the general issue. The error assigned is, that the jury were not sworn to try the issue joined; but were improperly sworn " to set as jurors in this case."

It is vain to pretend that a lawful oath was administered to the jury, and practically, there is no verdict of twelve sworn men, upon which a valid judgment could be rendered.

*J. F. Sessions*, for defendant in error.

Counsel for the plaintiff assigns as error that the jury was not sworn to try the issue joined; but were improperly sworn " to set as jurors in *this* case." If there is any informality in entering up the judgment, it is cured by the statute of amendments and jeofails. Code, art. 181, p. 508, which says that "no judgment shall be stayed or reversed after verdict, for any informality in entering up the judgment by the clerk." The recital in the record, that they were sworn to " sit as jurors in *this* case," must be held to mean that they were sworn to sit as jurors in the manner and ·form required by law, viz:  " To try all issues," etc.  Code, 501. No jury could sit in this case except the jury empaneled and sworn in the manner required by law, at the commencement of the week, or in the case of talesmen, for the day, and the presumption is that they were so sworn ; and the recital that they were sworn to " sit as jurors in *this* case," does not conflict with the presumption that they were so sworn, without which they could not have set as jurors in the case. And juries thus sworn "to try all issues," etc., " shall authorize them to try all issues, and execute all writs of inquiry submitted to them during the term." Art. 143, p. 501, Rev. Code.  It was unnecessary to recite that they were sworn in this case at all, as they had already been sworn to " try all issues." In the case of Dyson v. the State, 26 Miss., 380, it was held " that it is not the duty of the clerk, in making up the record of proceedings in a cause, to set out

the oath administered to the jury." All that is required is for the record to show that the jury was sworn.

SIMRALL, J. :

The only question presented by the assignment of errors for consideration is whether the jury were properly sworn. The statement in the record is : " Came a jury, to-wit," etc., " empaneled and sworn to sit as jurors in this case."

The objection made in argument for plaintiff in error is, that they were sworn to try the "issue joined." There was an issue on the plea of *non assumpsit* when the jury were sworn to " set in this case " (according to the recital of the clerk), it had special reference to this issue. By no possibility could they have had concern with any other part of the suit than this " issue." The jurors were sworn. Nor can there be doubt that they were sworn as required by law.

Regular jurors are sworn to try all issues and execute all writs of inquiry submitted to them during the term. Tales juries are sworn in the same form to try, etc., for the day. Neither are sworn to try each several issue. Rev. Code, 801, art. 143. It is mere clerical error, therefore, in the clerk, when he certifies that the jury were sworn " *to sit in this case.*" Hewett v. Cobb & Co., 40 Miss. Rep., p. 63.

Let the judgment be affirmed.